GIDEON NYLUND v. MILTON THORNBERG AND OTHERS.
W. T. BAILEY LUMBER COMPANY AND ANOTHER,
RELATORS.[1]

December 20, 1940.

No. 32,520.

*C. V. Hoaglund, John Heim,* and *William F. Johnson,* for relators.

*Stone, Manthey, Carey & MacDougall,* for respondent.

HOLT, JUSTICE.

Relator W. T. Bailey Lumber Company and its insurer seek a review of the decision of the industrial commission awarding respondent compensation for the accidental fracture of his leg while felling a tree in the course of his work.

We need only refer to the lumber company as relator. It held a permit, in October, 1938, to cut and remove the timber from a tract of land owned by the state in section 20, township 62, range 17, near Cook. By a letter dated October 26, 1938, relator offered

[1]Reported in 295 N. W. 411.

the job of cutting, sawing, and hauling this timber to Milton Thornberg, who in writing accepted the offer. Relator owned a lumberyard and operated a sawmill at Virginia. It bought saw logs brought by parties to the mill and lumber brought in by trucks from portable sawmills operated in territory adjacent to Virginia. There was an oral agreement that the pulpwood, also included in the permit, might be disposed of by Thornberg as he saw fit, except that he was to obtain and pay over to relator the stumpage it agreed by the permit to pay therefor.

Thornberg owned a portable sawmill, a truck, and some $200 in credits; otherwise he had no resources. He hired three men to operate the mill and five cutters, who worked by piece and were at liberty to work whenever they chose. Either Thornberg or his brother Harold was in charge of the work. When Thornberg's resources were exhausted, he or his brother wrote orders on relator for the wages earned, and these were paid by relator's checks. Respondent was so paid in part. In felling a tree it slid off the stump and struck respondent's leg, fracturing it. He brought a proceeding for compensation against Thornberg, relator, and its insurance carrier. The majority of the industrial commission adopted and approved the referee's finding: "That on February 17, 1939, Gideon Nylund was in the employ of the W. T. Bailey Lumber Company at a weekly wage of $17.50, under a Minnesota contract of hire" and on said day Gideon Nylund sustained an accidental injury to his person which arose out of and in the course of his employment. Compensation was awarded against relator, and the proceeding was dismissed as to Thornberg.

One commissioner dissented, holding that respondent was in the employ of Milton Thornberg and not in the employ of relator. It also appears from the majority decision that relator under the permit was considered to be a general contractor of the state in respect to the cutting and removal of the timber; that as such general contractor relator became liable for workmen's compensation to respondent by virtue of 3 Mason Minn. St. 1940 Supp. § 4290(4), because its contractor, Thornberg, failed to carry work-

men's compensation insurance as required by 1 Mason Minn. St. 1927, § 4288. If this view of the status of relator be correct, the decision may be affirmed without regard to whether or not the evidence sustains the finding that respondent was in the employ of relator when injured.

The permit is not in the record; but the industrial commission considered it to have issued under the state timber act, L. 1925, c. 276 (1 Mason Minn. St. 1927, §§ 6394-1 to 6394-40), particularly beginning with § 14 (§ 6394-14). If this section and the subsequent sections be examined, it appears that the status of the holder. of a permit issued thereunder is much that of a general contractor in cutting and removing the merchantable timber from the state's land. True, it speaks of the sale of the timber, but such sale results from a compliance with the numerous terms and conditions prescribed by the statutes mentioned. Every stick must be marked before removed. The title does not pass from the state until full payment is made. All timber embraced in the permit must be cut clean without damage to other timber. The permit must provide that the state auditor shall have power to suspend all operations and that any timber cut during the suspension shall be considered as cut in trespass, and numerous other provisions. § 17 (§ 6394-17). The purchaser must give a bond to the state in double the amount of the value of all the timber covered by the permit. § 18 (§ 6394-18). It is apparent that the state has a vital interest in having the timber properly cut and removed without harm to growing trees on the land not included in the permit and to have the tops, branches, or slashings properly burned, thus protecting its lands and its inhabitants against forest fires. Taking the whole situation in view, we think the holder of a valid timber permit, under 1 Mason Minn. St. 1927, §§ 6394-14 to 6394-40, is a general contractor of the state in cutting and removing the timber, and the one to whom he lets the actual work becomes his subcontractor, within the meaning of 3 Mason Minn. St. 1940 Supp. § 4290(4). Hence relator becomes liable for compensation to re-

spondent, accidentally injured, because Milton Thornberg, its contractor, failed to carry compensation insurance.

The award is affirmed. Respondent may tax $75 as attorney's fees.

MR. JUSTICE STONE took no part.